IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WEBSTER CAPITAL FINANCE, INC.,
f/k/a CENTER CAPITAL CORPORATION,

*Plaintiff,*

vs.

DANIEL NEWBY, et al.,

*Defendants.*

Case No. 12-2290-EFM

## MEMORANDUM AND ORDER

In this action, Plaintiff Webster Capital Finance f/k/a Center Capital Corporation seeks to enforce personal loan guaranties against Defendants Daniel Newby and Thomacine Newby. This case comes before the Court on Plaintiff's Motion to Strike Defendants' Jury Demand,[1] Defendants' Motion to Stay or Consolidate,[2] Defendants' Amended Motion for Sanctions and Attorneys' Fees,[3] and Defendants' Amended Motion to Dismiss.[4] For the reasons stated below, the Court denies each of these motions before it.

---

[1] Pl.'s Mot. to Strike Defs.' Jury Demand, Doc. 29.

[2] Defs.' Mot. to Stay or Consolidate, Doc. 15.

[3] Defs.' Am. Mot. for Sanctions and Atty's Fees, Doc. 24. Defendants' amended motion renders its original motion for sanctions and attorneys' fees (Doc. 22) moot.

[4] Defs.' Am. Mot. to Dismiss, Doc. 24. Defendants' amended motion renders its original motion to dismiss (Doc. 23) moot.

### I.     Factual Background

Plaintiff, Webster Capital Finance, Inc., is a Connecticut corporation that provides financing to various business ventures. Defendants Daniel Newby and Thomacine Newby are residents of Kansas City, Missouri, who operate Ottawa Bus Service, Inc. ("Ottawa Bus"), a Kansas corporation. On February 19, 2002, Plaintiff and Ottawa Bus entered into a Master Loan and Security Agreement ("Master Loan Agreement"), which provided the terms under which Plaintiff would subsequently provide financing to Ottawa Bus for the purchase of buses and other equipment.

Several days later, on February 26, 2002, Defendants each executed identical documents entitled, "Continuing Guaranty," in which Defendants agreed to pay any and all of Ottawa Bus's indebtedness in the event of its bankruptcy or default under the Master Loan Agreement. Since that time, Plaintiff and Ottawa Bus have entered into numerous loan schedules for the purchase of buses and equipment. Plaintiff filed the present action on May 15, 2012, asserting that Defendants have improperly refused to honor their personal guaranties upon Ottawa Bus's bankruptcy and alleged default under the Master Loan Agreement.

On November 22, 2010, Ottawa Bus filed a voluntary petition for Chapter 11 bankruptcy relief as a debtor in possession.[5] Bankruptcy counsel for Ottawa Bus submitted an original Plan of Reorganization on November 15, 2011, and the parties scheduled an original confirmation hearing for February 22, 2012. However, the bankruptcy court did not enter a confirmation order on that date, but instead required counsel for Ottawa Bus to submit an amended plan and to schedule a subsequent confirmation hearing. On June 20, 2012, the bankruptcy court confirmed

---

[5] The bankruptcy case is currently pending before the United States Bankruptcy Court for the District of Kansas, Kansas City Division, Case No. 10-24011.

Ottawa Bus's Amended Plan of Reorganization ("Amended Plan"), which identifies Plaintiff as a secured creditor and provides for payment of Ottawa Bus's principal indebtedness, contract interest, and an allowance for costs under the Master Loan Agreement.[6]  Both the original and Amended Plan included Section 10.02, which provides, "All secured claimants are prohibited from seeking redress under any personal guaranty from Daniel Newby and/or Thomacine Newby as long as Debtor is not in default under this Plan, and any pending suit or action shall be dismissed without prejudice."[7]

Defendants now argue that this action should be consolidated with the Ottawa Bus bankruptcy case, or in the alternative, stayed pending completion of Ottawa Bus's payments to Plaintiff under its Amended Plan.  Defendants also seek dismissal, sanctions, and attorneys' fees, arguing that Plaintiff maliciously filed a frivolous Complaint after the bankruptcy court confirmed the Amended Plan, which prohibits any action to enforce Defendants' guaranties.  Plaintiff opposes each of Defendants' motions, and has also filed a motion to strike Defendants' jury demand pursuant to a jury waiver clause in Defendants' personal guaranties.

## II.   Analysis

### A.  Defendants' Motion to Stay or Consolidate

Defendants first ask the Court to stay this action pending completion of Ottawa Bus's payments to Plaintiff under the Amended Plan.  The Court notes that Defendants do not suggest that this action violates any automatic stay that arose under the Ottawa Bus bankruptcy.  As Plaintiff correctly observes, that automatic stay extends only to actions against Ottawa Bus and

---

[6] Order Confirming Plan, Doc. 24-1, at 1.

[7] Plan of Reorganization, Doc. 24-1, at 17.

its estate property,[8] while this action proceeds directly against Defendants pursuant to their guaranties. Instead, Defendants request that the Court stay this case pursuant to 11 U.S.C. § 105(a), asserting that this action and the Ottawa Bus bankruptcy both present similar issues concerning Ottawa Bus's obligations under the Master Loan Agreement. According to Defendants, Plaintiff has a sufficient remedy by simply submitting a proof of claim in the Ottawa Bus bankruptcy and receiving payments pursuant to the Amended Plan. The Court disagrees.

Defendants' reliance on 11 U.S.C. § 105(a) is misplaced. That provision grants bankruptcy courts equitable power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."[9] However, this civil action contemplates Defendants' liability under their guaranties notwithstanding the Ottawa Bus bankruptcy. It is well established that unconditional guaranties grant the creditor an absolute right to proceed directly against guarantors without regard to other collection mechanisms allowed by law.[10] Defendants' guaranties expressly provide that "**Guarantor hereby waives** . . . any right to require [Plaintiff] to proceed against any person, including, without limitation, [Ottawa Bus] or any other guarantor, before proceeding against [Defendants]."[11] Defendants similarly waived "any right to require [Plaintiff] to proceed against any collateral for the Obligations, including [Ottawa Bus's] collateral, before proceeding against [Defendants]."[12] Because Plaintiff is

---

[8] *See* 11 U.S.C. § 362(a) (limiting the scope of automatic stay to the debtor and its property); *Otoe County Nat'l Bank v. W & P Trucking, Inc.*, 754 F.2d 881, 883 (10th Cir. 1985) (recognizing that the automatic stay is limited to the debtor and/or property of the estate).

[9] 11 U.S.C. § 105(a).

[10] *Bank Midwest, N.A. v. Millard*, 2012 WL 4359060, *6 (D. Kan. Sept. 24, 2012).

[11] Continuing Guaranty, Doc. 28-1, at 2, 4 (emphasis in original).

[12] *Id*.

- 4 -

entitled to pursue Defendants' guaranties notwithstanding the Ottawa Bus bankruptcy, the Court denies Defendants' motion to stay this action.

In the alternative, Defendants ask the Court to consolidate this action with the Ottawa Bus bankruptcy case. Federal Rule of Civil Procedure 42(a) allows a court to consolidate any or all the matters at issue in actions involving common questions of law or fact.[13] The decision whether to consolidate such actions is left to the sound discretion of the trial court.[14] In exercising its discretion, courts should consider whether judicial efficiency is best served by consolidation.[15]

The Court finds that consolidating this action with the Ottawa Bus bankruptcy case would serve neither judicial efficiency nor justice. As stated above, questions of law and fact relevant to Ottawa Bus's liability under the Master Loan Agreement are distinct and independent from the questions of law and fact relevant to Defendants' liability pursuant to their guaranties. For instance, the Continuing Guaranties provide that Defendants' obligations shall become immediately due and payable in the event Ottawa Bus files for bankruptcy protection, regardless of whether Ottawa Bus otherwise defaulted under the Master Services Agreement.[16] Because Plaintiff is entitled to directly pursue Defendants' guaranties, and because consolidation will not serve judicial economy and justice, the Court denies Defendants' motion to consolidate.

---

[13] Fed. R. Civ. P. 524(e).

[14] *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).

[15] *Lemons v. Bd. of County Comm'rs of County of Brown*, 2001 WL 395395, *1 (D. Kan. Mar. 30, 2001).

[16] Continuing Guaranty, Doc. 29-1, at 2, 4 ("[I]f a proceeding shall be commenced by . . . Obligor under the United States Bankruptcy Code or any State insolvency law, or an event of default occurs on the Obligations, Guarantor's obligations under this Guaranty shall forthwith become due and payable without notice.").

### B. Plaintiff's Motion to Strike Defendants' Demand for Jury Trial

Plaintiff asks the Court to strike the demand for jury trial in Defendants' Answer to Plaintiff's Amended Complaint.[17] In support of its motion, Plaintiff points to the Continuing Guaranty agreements, which provide: "**Guarantor hereby waives trial by jury and the right thereto in any action or proceeding of any kind arising on, out of, under or by reason of this Guaranty.**"[18] The right to a federal jury trial is governed by federal law, and "agreements waiving the right to trial by jury are neither illegal nor contrary to public policy."[19] "While the Tenth Circuit has not determined who carries the burden of demonstrating the knowing and voluntary nature of the waiver, the majority of courts have decided that the burden lies with the party seeking to enforce the contractual waiver."[20] Because the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver.[21]

A waiver of the right to a jury trial must be "knowing and voluntary."[22] In interpreting whether a waiver of jury trial was knowing and voluntary, courts consider: (1) whether the clause containing the waiver was conspicuous; (2) whether there was a gross disparity in bargaining power between the parties; (3) the business or professional experience of the party opposing the waiver; and (4) whether the party opposing the waiver had an opportunity to negotiate contract

---

[17] Defs.' Answer to Pl.'s Am. Compl., Doc. 26, at 6.

[18] Continuing Guaranty, Doc. 29-1, at 3, 5 (emphasis in original).

[19] *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837 (10th Cir. 1988).

[20] *Boyd v. U.S. Bank Nat. Ass'n*, 2007 WL 2822518, *18 (D. Kan. Sept. 26, 2007) (citing *Hulsey v. West*, 966 F.2d 579, 581 (10th Cir. 1992)).

[21] *Id.*; *see also Pinstripe, Inc. v. Manpower, Inc.*, 2009 WL 1457704, *2 (N.D. Okla. May 22, 2009).

[22] *Hulsey*, 966 F.2d at 581.

terms.[23] Here, the jury waiver provisions were plainly and conspicuously stated in bold typeface immediately above Defendants' signatures.[24] Also, the guaranties also provide, "**Guarantor further agrees that it has read and fully understands the terms of this Guaranty and/or has had the opportunity to consult its attorney with respect to this Guaranty.**"[25] Because Defendants expressly represented that they read and understood the terms of their guaranties, and because the waiver provisions were plain and conspicuous, the Court finds that Defendants agreed to the waiver knowingly.[26]

The central issue remains whether Defendants' waiver was voluntary or, as Defendants assert, "coerced."[27] The Continuing Guaranties provide that "**Guarantor warrants and agrees that each of the waivers set forth above is made with Guarantor's full knowledge of its significance and consequences** and that, under the circumstances, the waivers are reasonable and not contrary to law or public policy."[28] However, the jury waiver language was not among the "waivers set forth above"[29] that clause, but instead appeared at the very end of the guaranty documents.

Courts in this district have properly denied a motion to strike a jury trial when the record was insufficient to establish the parties' respective experience or bargaining power.[30] In *Bevill*

---

[23] *Id.*

[24] Continuing Guaranty, Doc. 29-1, at 3, 5.

[25] *Id*.

[26] *Pinstripe*, 2009 WL 1457704 at *2 (holding that waiver language in bold typeface is sufficiently conspicuous to conclude that the waiver was knowingly accepted).

[27] Defs.' Objection to Pl.'s Mot. to Strike Defs.' Jury Demand, Doc. 31, at 2.

[28] Continuing Guaranty, Doc. 29-1, at 2, 4.

[29] *Id.*

[30] *See Bevill Co., Inc. v. Sprint/United Mgmt. Co.*, 304 Fed. App'x 674, 682 (10th Cir. 2008).

*Co., Inc. v. Sprint/United Mgmt. Co.*,[31] the district court found that a party knowingly accepted a jury waiver, but nonetheless denied a motion to strike jury trial because it lacked sufficient evidence to determine whether the waiver was voluntary.[32] The district court ultimately granted a renewed motion to strike jury trial, but only after considering additional evidence regarding the parties' relative bargaining positions.[33]

Here, there is no evidence before the Court regarding whether the jury waiver provision was bargained for or that it was mentioned in contract negotiations. Plaintiff has also failed to show that Defendants had any choice but to accept the guaranties as written. Given the strong presumption against waiver,[34] and the fact that the Court lacks sufficient evidence to determine the parties' relative bargaining positions, the Court finds that Plaintiff has failed to carry its burden in showing that the jury waiver was voluntary. The Court therefore denies Plaintiff's motion without prejudice.

**C. Defendants' Motion to Dismiss Case as Frivolous**

Defendants request that the Court dismiss this action because "Plaintiff knew when it filed its Complaint on May 15, 2012 and its Amended Complaint on May 16, 2012, that it was a frivolous lawsuit and was filed to harass Defendants."[35] Defendants do not allege any of the specific bases for dismissal under Rule 12(b), but rather, rely upon Section 10.02 of Ottawa Bus's Amended Plan, which generally prohibits Plaintiff from enforcing Defendants' guaranties.

---

[31] 304 Fed. App'x at 674.

[32] *Id.*

[33] *Id.*

[34] *Telum*, 859 F.2d at 837.

[35] Defs.' Mot. to Dismiss, Doc. 25, at 2.

Because this case does not involve a party proceeding *in forma pauperis*, the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) concerning dismissal of frivolous or malicious actions do not apply,[36] and the Court will construe Defendants' submission as motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[37]  "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[38]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[39]  In determining whether a claim is facially plausible, the court must draw on its judicial experience and common sense.[40]  Allegations that merely state legal conclusions need not be accepted as true.[41]  "Dismissal should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

---

[36] Section 1915(e)(2)(B)(i) provides that in proceedings *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious."

[37] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[38] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[39] *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

[40] *Iqbal*, 556 U.S. at 679.

[41] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

which would entitle him to relief . . . ."[42] "The Tenth Circuit has observed that the federal rules erect a powerful presumption against rejecting pleadings for failure to state a claim."[43]

Defendants argue that this case should be dismissed as frivolous because Plaintiff filed this action in spite of the prohibitive language contained in Section 10.02 of the Plan. More specifically, Defendants assert that the Plan was "approved on February 22, 2012,"[44] such that the prohibitions in Section 10.02 were in already in effect when Plaintiff filed its original Complaint on May 15, 2012 and its Amended Complaint on May, 16, 2012. The Court disagrees.

Contrary to Defendants' position, the record does not reflect that Plaintiff filed its complaint after the bankruptcy court confirmed the Amended Plan. On November 15, 2011, Ottawa Bus submitted its original Plan of Reorganization. A confirmation hearing for the original Plan took place on February 22, 2012. However, the bankruptcy court ordered Ottawa Bus to submit an Amended Plan to address several issues raised at the hearing, and the bankruptcy court advised Ottawa Bus's bankruptcy counsel to schedule another confirmation hearing. Plaintiff filed an objection to confirmation on April 5, 2012, and on July 3, 2012, the bankruptcy court confirmed the Plan and overruled Plaintiff's objection as untimely.

In a Courtroom Minute Sheet dated June 20, 2012, the bankruptcy court stated that the "Plan [was] conditionally confirmed at hearing in February subject to the timely filed objections."[45] However, the Courtroom Minute Sheet from that original confirmation hearing on February 22, 2012, does not suggest that the Plan was confirmed, conditionally or otherwise, and

---

[42] *Sanders v. Kan. Dep't of Soc. & Rehab. Servs.*, 317 F. Supp. 2d 1233, 1244 (D. Kan. 2004).

[43] *Id.*

[44] Defs.' Am. Mot. to Dismiss, Doc. 25, at 1.

[45] *In re Ottawa Bus Service, Inc.*, No. 10-24011, Doc. 185 (Bankr. D. Kan. June 6, 2012).

the bankruptcy court did not enter any provisional confirmation order at that time. To the contrary, that Courtroom Minute Sheet from February 22, 2012, reflects that the bankruptcy court required Ottawa Bus to submit an Amended Plan and to schedule another confirmation hearing to discuss several issues not sufficiently addressed in the original Plan. Because the bankruptcy court did not enter an order confirming the Amended Plan until July 3, 2012, the prohibition in Section 10.02 did not predate Plaintiff's complaint.[46]

More importantly, Plaintiff argues that the prohibition in Section 10.02 is unenforceable regardless of when the bankruptcy court confirmed the Plan. The Court agrees. Under 11 U.S.C. § 524(e), "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt."[47] Because § 524(e) limits a bankruptcy court's equitable power to order the discharge of non-debtor liabilities, a bankruptcy court may not prohibit a creditor from enforcing its rights against a debtor's guarantors.[48] "Obviously, it is the debtor, who has invoked and submitted to the bankruptcy process, that is entitled to its protections; Congress did not intend to extend such benefits to third-party bystanders."[49] "What is important to keep in mind is that a discharge in bankruptcy does not extinguish the debt itself but merely releases the debtor from personal liability . . . . The debt still exists, however, and can be collected from any other entity that may be liable."[50]

---

[46] *See* 11 U.S.C. § 524(e) (providing that the debtor and each creditor are bound by the provisions of a confirmed plan).

[47] *Id.*

[48] *In re Western Real Estate Fund, Inc.*, 922 F.2d 592, 601 (10th Cir. 1990) (citing *In re American Hardwoods*, 885 F.2d 621 (9th Cir. 1989)).

[49] *Id.* at 600.

[50] *Id.*; *see also Walker v. Wilde*, 927 F.2d 1138, 1142 (10th Cir. 1991); *United States v. Anderson*, 366 F.2d 569, 571 (10th Cir. 1966) (contemplating a suit by a creditor against guarantors).

The Tenth Circuit Court of Appeals has held that a creditor may pursue guarantors for a debt even when the primary obligor's liability is discharged in bankruptcy.[51] This observation is particularly relevant after the bankruptcy court has confirmed a plan of reorganization:

> [W]hile a temporary stay prohibiting a creditor's suit against a nondebtor during the bankruptcy proceeding may be permissible to facilitate the organization process in accord with the broad approach to nondebtor stays under section 105(a) . . . the stay may not be extended post-confirmation in the form of a permanent injunction that effectively relieves the nondebtor from its own liability to the creditor . . . .[52]

"Not only does such a permanent injunction improperly insulate nondebtors in violation of section 524(e), it does so without any countervailing justification of debtor protection . . . ."[53] For these reasons, the Court finds that the bankruptcy court lacks authority to order or to enforce the prohibition stated in Section 10.02 of the Amended Plan.

Finally, the Court notes that Defendants' guaranties expressly contemplate Defendants' direct and continuing liability notwithstanding the solvency of Ottawa Bus: "[I]f a proceeding shall be commenced by . . . [Ottawa Bus] under the United States Bankruptcy Code . . . Guarantor's obligations under this Guaranty shall forthwith become due and payable without notice."[54] Because the bankruptcy court lacks the authority to prohibit Plaintiff from pursuing Defendants as guarantors, and because Defendants' guaranties expressly contemplate direct enforcement notwithstanding the Ottawa Bus bankruptcy, the Court denies Defendants' motion to dismiss this case as frivolous.

---

[51] *Anderson*, 366 F.2d at 571-72.

[52] *In re Western Real Estate Fund*, 922 F.2d at 601-02.

[53] *Id.*

[54] Continuing Guaranty, Doc. 29-1, at 2, 4.

### D. Defendants' Amended Motion for Sanctions and Attorneys' Fees

Finally, Defendants ask the Court to impose sanctions against Plaintiff pursuant to Fed. R. Civ. P. 11. Defendants assert two arguments in favor of their motion. First, Defendants' counsel alleges that he incurred $2,000.00 in unnecessary attorneys' fees preparing for a hearing on a motion for default judgment because Plaintiff failed to advise him of a continuance. Second, Defendants reiterate their argument that this case is frivolous in light of the prohibition stated in Section 10.02 of Ottawa Bus's Amended Plan.

Federal Rule of Civil Procedure 11(c)(2) provides that a motion for sanctions and attorneys' fees "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . . ." A party seeking sanctions must serve the actual motion that it intends to file with the Court, and mere letters or electronic correspondence are insufficient.[55] Here, Defendants filed their original motion for sanctions on July 20, 2012,[56] and filed their amended motion for sanctions on July 21, 2012.[57] Neither the record nor Defendants' submissions reflect that Defendants complied with Rule 11(c)(2) by serving their motion on Plaintiff and by waiting for the twenty-one-day safe-harbor period to expire before presenting their motion to the Court. In fact, Plaintiff affirmatively represents to the Court that it was not served with Defendants' motion and afforded notice and an opportunity to cure.[58] Because

---

[55] *Roth v. Green*, 466 F.3d 1179, 1192 (10th Cir. 2006).

[56] Defs.' Original Mot. for Sanctions and Atty's Fees, Doc. 22.

[57] Defs.' Am. Mot. for Sanctions and Atty's Fees, Doc 24.

[58] Pl.'s Objection to Defs.' Am. Mot. for Sanctions and Attorneys' Fees, Doc. 27, at 5.

Defendants failed to comply with Fed. R. Civ. P. 11(c)(2), their motion for sanctions and attorneys' fees must be denied.[59]

**IT IS ACCORDINGLY ORDERED** that Defendants' Motion to Stay or Consolidate (Doc. 15) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendants' Jury Demand (Doc. 29) is hereby **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants' Amended Motion to Dismiss (Doc. 25) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Amended Motion for Sanctions and Attorneys' Fees (Doc. 24) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' original Motion for Sanctions and Attorneys' Fees (Doc. 22) and Defendants' original Motion to Dismiss (Doc. 23) are hereby **DENIED AS MOOT** due to the filing of amended motions.

**IT IS SO ORDERED**.

Dated this 14th day of February, 2013.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[59] *See McGregor v. Shane's Bail Bonds*, 2010 WL 3155635, *18 (D. Kan. Aug. 9, 2010) (denying a motion for sanctions because the movant failed to comply with Rule 11(c)(2)); *Spratt v. Leinster*, 2007 WL 2412826, *1 (D. Colo. Aug. 21, 2007) (same).