# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

WEBSTER CAPITAL FINANCE, INC.,
f/k/a CENTER CAPITAL CORPORATION,

*Plaintiff,*

vs.

Case No. 12-2290-EFM

DANIEL NEWBY, et. al.,

*Defendant.*

## MEMORANDUM AND ORDER

In this action, Plaintiff Webster Capital Finance f/k/a Center Capital Corporation seeks to enforce personal loan guaranties against Defendants Daniel Newby and Thomacine Newby. This case comes before the Court on Plaintiff's Renewed Motion to Strike Defendants' Jury Demand (Doc. 36). For the reasons stated below, the Court denies Plaintiff's renewed motion.

### I.    Factual and Procedural Background

Plaintiff Webster Capital Finance, Inc. is a Connecticut corporation that provides financing to various business ventures. Defendants Daniel Newby and Thomacine Newby are residents of Kansas City, Missouri, who operate Ottawa Bus Service, Inc. ("Ottawa Bus"), a Kansas corporation. Defendants each executed identical documents entitled "Continuing Guaranty" ("Guaranties"), in which Defendants agreed to pay any and all of Ottawa Bus's indebtedness to Plaintiff in the event of its bankruptcy or default under a previously-executed agreement between Plaintiff and Ottawa Bus. Plaintiff filed the instant action, asserting that

Defendants have improperly refused to honor their personal Guaranties upon Ottawa Bus's bankruptcy and alleged default.

The Guaranties provide: "**Guarantor hereby waives trial by jury and the right thereto in any action or proceeding of any kind arising on, out of, under or by reason of this Guaranty.**"[1] Plaintiff's original motion to strike Defendants' jury demand asserted this language as evidence of Defendants' waiver. However, the Court denied Plaintiff's motion to strike without prejudice, finding that Plaintiff failed to prove that Defendants voluntarily agreed to the jury waiver. Plaintiff now argues that, pursuant to the choice-of-law provision in the Guaranties, Connecticut law places the burden on Defendants to show that they did not intend to waive the right to jury trial. The cited provision states: "[The Guaranties] shall be governed, construed and interpreted, as to validity, enforcement, and in other respects (excepting, however, the application of its conflicts of law rules), by the laws of the State of Connecticut."[2]

## II. Analysis

"A federal court sitting in diversity applies federal procedural law, and the substantive law that would be applied by the forum state."[3] "[W]here a contract contains a choice-of-law clause, the court will apply the forum state's choice-of-law rules."[4] "Under Kansas law, parties to a contract may select the law that will govern interpretation of their agreement, and Kansas

---

[1] Continuing Guaranty, Doc. 36-1, at 3, 5 (emphasis in original).

[2] *Id.*

[3] *Evans v. Orion Ethanol, Inc.*, 2011 WL 2516929, *1 (D. Kan. June 23, 2011) (citing *Burnham v. Humphrey Hospitality REIT Trust, Inc.*, 403 F.3d 709, 712 (10th Cir. 2005)).

[4] *Id.* (citing *MidAmerica Constr. Mgmt., Inc. v. MasTec N. Am., Inc.*, 436 F.3d 1257, 1260 (10th Cir. 2006)).

courts will generally honor that choice."[5] However, the parties' choice of governing law generally applies to substantive, not procedural, issues.[6]

The Guaranties in this case contain a choice-of-law provision, which states that the parties' agreement shall be governed by Connecticut law. Accordingly, because this case arises under this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), the parties' agreement is governed by the law of Connecticut on any substantive issues, while federal law governs any procedural issues.[7] Although the line distinguishing substantive and procedural issues is often hazy, a party's right to a federal jury trial in a civil action is a procedural matter controlled by federal law.[8]

The overwhelming majority of courts have held that the right to a federal jury trial is governed by federal law.[9] This is true even when choice-of-law and jury waiver clauses appear in the same agreement. In *Bevill Co., Inc. v. Sprint/United Mgmt. Co.*, the agreement in question provided that Kansas law governed the parties' disputes.[10] Notwithstanding this choice-of-law provision, the Tenth Circuit found that the district court "[c]orrectly appli[ed] *federal* law to this jury-trial waiver issue."[11] In the instant case, although the Guaranties provide that Connecticut

---

[5] *Id.* (citing *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005)).

[6] *See id.* (applying the parties' choice of governing law to substantive, but not procedural, issues).

[7] *Hanna v. Plumer*, 380 U.S. 460, 465 (1965).

[8] *See Hutton v. J.C. Penney, Inc.*, 1987 WL 152356, *1 (D. Kan. Nov. 25, 1987).

[9] *Simler v. Conner*, 372 U.S. 221, 222 (1963) ("[T]he right to a jury trial in the federal courts is to be determined as a matter of federal law . . . ."); *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837 (10th Cir. 1988) ("The right to a jury trial in federal courts is governed by federal law."); *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 222 (3d Cir. 2007) ("Federal courts apply federal law in determining whether a contractual jury trial waiver is enforceable"); *Tara Woods Ltd. P'ship v. Fannie Mae*, 2010 WL 1529459, *1 (D. Colo. Apr. 1, 2010) ("[T]he question of whether a party has waived its right to a jury trial also is a question of federal law.").

[10] *Bevill Co., Inc. v. Sprint/United Mgmt. Co.*, 304 Fed. App'x 674, 679 n.2 (10th Cir. 2008).

[11] *Id.* at 682 (emphasis added).

law governs, federal law governs the issue of whether Defendants waived their right to a jury trial.

In support of its position that Connecticut law dictates the enforceability of the Guaranties' jury waiver clauses, Plaintiff cites to *GE Commercial Finance Business Property Corp. v. Heard*.[12] But a careful reading persuades this Court to maintain its position. In expounding on the relation between the *Erie* doctrine and a pre-litigation jury waiver clause, the court in *GE Commercial* states, "the caveat recognized by *Erie* and its progeny is that the application of substantive state law is appropriate to the extent that its application does not restrict one's federal rights under the federal constitution."[13] The application of Connecticut law rather than federal law in this case would serve to restrict Defendants' federal right to a jury trial as granted by the Seventh Amendment, and is therefore inappropriate to apply. For these reasons, the analysis of the jury waiver will be conducted within the "knowing and voluntary" framework explicated by the Court in its Memorandum and Order dated February 14, 2013.

"Agreements waiving the right to trial by jury are neither illegal nor contrary to public policy."[14] "While the Tenth Circuit has not determined who carries the burden of demonstrating the knowing and voluntary nature of the waiver, the majority of courts have decided that the burden lies with the party seeking to enforce the contractual waiver."[15] Since "the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver."[16] Waiver of

---

[12] 621 F. Supp. 2d 1305 (M.D. Ga. 2009).

[13] *Id.* at 1309.

[14] *Telum*, 859 F.2d at 837.

[15] *Boyd v. U.S. Bank Nat. Ass'n*, 2007 WL 2822518, *18 (D. Kan. Sept. 26, 2007) (citing *Hulsey v. West*, 966 F.2d 579, 581 (10th Cir. 1992)).

[16] *Christenson v. Diversified Builders Inc.*, 331 F.2d 992, 994 (10th Cir. 1964).

the right to a jury trial must be "knowing and voluntary."[17] The Court previously found that Defendants agreed to the waiver knowingly. However, for lack of evidence regarding the parties' respective experience or bargaining power, the Court found that Plaintiff failed to carry the burden to show that the jury waiver was voluntary.

Plaintiff has presented no new evidence to carry this burden. Plaintiff's unsupported conclusion that the Guaranties were "entered into voluntarily by the business parties to which each party received certain benefits" does not sufficiently inform the Court of "the relative bargaining positions of the parties or other facts about the parties and their negotiations."[18] Neither has Plaintiff provided any new evidence showing that Defendants had any choice but to accept the Guaranties as written. Indulging this reasonable presumption against waiver, the Court holds that the lack of evidence disallows a finding that the jury waiver was voluntary.

**IT IS THEREFORE ORDERED** that Plaintiff's Renewed Motion to Strike Defendants' Jury Demand (Doc. 36) is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated this 30th day of May, 2013.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[17] *Hulsey*, 966 F.2d at 581.

[18] *Bevill*, 304 Fed. App'x at 682.