# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

WEBSTER CAPITAL FINANCE, INC.,
f/k/a CENTER CAPITAL CORPORATION,

*Plaintiff,*

vs.

Case No. 12-2290-EFM

DANIEL NEWBY, et. al.,

*Defendant.*

## MEMORANDUM AND ORDER

In this action, Plaintiff Webster Capital Finance f/k/a Center Capital Corporation seeks to enforce personal loan guaranties against Defendants Daniel Newby and Thomacine Newby. This case comes before the Court on Plaintiff's Motion to Reconsider Plaintiff's Renewed Motion to Strike Defendants' Jury Demand (Doc. 54). For the reasons stated below, the Court denies Plaintiff's motion to reconsider.

### I.  Factual and Procedural Background

Plaintiff Webster Capital Finance, Inc. is a Connecticut corporation that provides financing to various business ventures. Defendants Daniel Newby and Thomacine Newby are residents of Kansas City, Missouri, who operate Ottawa Bus Service, Inc. ("Ottawa Bus"), a Kansas corporation. Plaintiff seeks to enforce the jury waiver clauses provided in identical Continuing Guaranty documents ("Guaranties") executed and signed by Defendants, agreeing to

pay any and all of Ottawa Bus's indebtedness in the event of its bankruptcy or default under a previously-executed agreement between Plaintiff and Ottawa Bus. Plaintiff filed the instant action, asserting that Defendants have improperly refused to honor their personal Guaranties upon Ottawa Bus's bankruptcy and alleged default.

The Court denied Plaintiff's initial motion to strike Defendants' jury demand without prejudice, finding that Plaintiff failed carry its burden of showing that Defendants voluntarily agreed to the jury waiver. Plaintiff then filed a renewed motion to strike, in which Plaintiff presented no evidence to carry this burden. Instead, Plaintiff argued that, pursuant to the choice-of-law provision in the Guaranties, Connecticut law placed the burden on Defendants to show that they did not intend to waive the right to jury trial. The Court denied Plaintiff's renewed motion, holding that waiver of a jury trial is governed by federal procedural law. For lack of evidence regarding the degree of voluntariness with which Defendants agreed to the waiver, this Court also denied Plaintiff's renewed motion. Plaintiff now seeks reconsideration of Plaintiff's Renewed Motion to Strike Defendants' Jury Demand in light of evidence presented to the Court for the first time regarding the sophisticated nature of Defendants' business ventures.

### III. Analysis

Pursuant to local rules, a party may seek reconsideration of a non-dispositive order.[1] The motion to reconsider must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence or (3) the need to correct clear error or prevent manifest injustice."[2] "A motion to reconsider is appropriate where the Court has obviously misapprehended a party's

---

[1] D. Kan. Rule 7.3(b).

[2] *Id.*

position, the facts or applicable law, or where the party produces new evidence that it could not have obtained earlier through the exercise of due diligence."[3]

Here, Plaintiff does not allege an intervening change in controlling law or any clear error resulting in manifest injustice. Rather, Plaintiff's motion for reconsideration relies solely upon what Plaintiff characterizes as newly-available evidence of Defendant's voluntary jury waiver. However, "a litigant should not use such a motion to . . . offer new legal theories or facts."[4] A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider.[5] "Whether to grant a motion to reconsider is left to the Court's discretion."[6] The Court concludes that reconsideration of Plaintiff's renewed motion does not comport with the purpose of D. Kan. Rule 7.3(b).

Because Plaintiff asserts evidence for the first time in its motion to reconsider, it weighs lightly in the Court's consideration. Plaintiff's "new evidence" is comprised of old loan agreements between the two parties and public records that have been available for years.[7] This "new evidence" is nothing more than what Plaintiff knew or reasonably should have known when filing its original or renewed motion to strike. Plaintiff's failure to present this evidence in the first or second instance does not entitle it to a third chance in the form of a motion to reconsider. Precisely because Plaintiff's renewed motion was "based solely on the legal

---

[3] *Comeau v. Rupp*, 810 F. Supp. 1172, 1174–75 (D. Kan. 1992) (citation omitted).

[4] *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005).

[5] *Id.*

[6] *Slepnek v. Roper & Twardowsky, LLC*, 2012 WL 5907461 *1 (D. Kan. Nov. 26, 2012).

[7] Plaintiff refers to U.C.C. financing statements from as early as 1995, which have been available for well over a decade.

argument that the Court should apply Connecticut law,"[8] and in the instant motion Plaintiff "now seeks, *for the first time*, to introduce [this] evidence,"[9] the newly-presented evidence does not constitute new evidence that could justify reconsideration. Plaintiff forfeited the opportunity to present such evidence by omitting it from its renewed motion after the prompting of the Court in its initial denial without prejudice.

**IT IS ACCORDINGLY ORDERED** this 26th day of June, 2013, that Plaintiff's Motion to Reconsider Plaintiff's Renewed Motion to Strike Defendants' Jury Demand (Doc. 54) is hereby **DENIED**.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[8] Pl.'s Mot. to Reconsider Pl.'s Renewed Mot. to Strike Defs.' Jury Demand, Doc. 54, at 3.

[9] *Id.* at 4 (emphasis added).