# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

WEBSTER CAPITAL FINANCE, INC.,
f/k/a CENTER CAPITAL CORPORATION,

*Plaintiff,*

vs.

Case No. 12-2290-EFM

DANIEL NEWBY, et al.,

*Defendants.*

## MEMORANDUM AND ORDER

In this action, Plaintiff Webster Capital Finance f/k/a Center Capital Corporation seeks to enforce personal loan guaranties against Defendants Daniel Newby and Thomacine Newby. This matter comes before the Court on Defendants' Motion to Reconsider (Doc. 66) and Motion to Set Aside Judgment (Doc. 69). Also before the Court is Plaintiff's Motion for Attorneys' Fees (Doc. 65). For the reasons stated herein, the Court grants Plaintiff's motion and denies Defendants' motions.

### I.     Factual Background

Plaintiff, Webster Capital Finance, Inc., is a Connecticut corporation that provides financing to various business ventures. Defendants Daniel Newby and Thomacine Newby are residents of Kansas City, Missouri, who operate Ottawa Bus Service, Inc. ("Ottawa Bus"), a

Kansas corporation. On February 19, 2002, Plaintiff and Ottawa Bus entered into a Master Loan and Security Agreement ("Master Loan Agreement"), which provided the terms under which Plaintiff would subsequently provide financing to Ottawa Bus for the purchase of buses and other equipment.

To secure payment under the Master Loan Agreement and the various loan schedules, Defendants each executed a Continuing Guaranty on February 26, 2002 (the "Continuing Guaranties").[1] In these documents, Defendants personally guaranteed Ottawa Bus's "prompt payment of all indebtedness, including, but not limited to, principal, accrued interest, costs, late charges, out of pocket expenses, and attorneys' fees"[2] due under the Master Loan Agreement or any related obligations. Defendants' guaranties gave rise to "an absolute and unlimited guaranty of payment and performance, not a guaranty of collection, and Guarantor agrees to pay and/or reimburse [Webster Capital] for any attorney's fees and out of pocket costs incurred in connection with the collection on or enforcement of this Guaranty."[3]

Plaintiff filed the present action on May 15, 2012, asserting that Defendants have improperly refused to honor their personal guaranties upon Ottawa Bus's bankruptcy and alleged default under the Master Loan Agreement. On August 2, 2013, the Court granted summary judgment in favor of Plaintiff on all claims, including Plaintiff's claim for attorneys' fees. Defendants now argue that the Court should reconsider and set aside its Order, while Plaintiff seeks its final award of attorneys' fees.

---

[1] Defendants issued their Continuing Guaranties in favor of Center Capital Corporation, Webster Capital's predecessor.

[2] Daniel Newby Continuing Guaranty, Pl.'s Ex. M, Doc. 49-14, at 1; Thomacine Newby Continuing Guaranty, Pl.'s Ex. N, Doc. 49-15, at 1.

[3] *Id.*

## II. Analysis

**A. Defendants' Motion for Reconsideration**

Defendants first ask the Court to reconsider its Memorandum and Order granting Plaintiff summary judgment on all claims. "A motion for reconsideration provides the court with an opportunity to correct 'manifest errors of law or fact and to review newly discovered evidence.'"[4] A court has discretion whether to grant or deny a motion for reconsideration.[5] "There are three circumstances in which a court may appropriately grant a motion for reconsideration: (1) where the court made a manifest error of fact or law; (2) where there is newly discovered evidence; and (3) where there has been a change in the law."[6] A motion for reconsideration is not a vehicle for the losing party to rehash arguments previously considered and rejected.[7] "The party moving for reconsideration has the burden to show that there has been a change of law, that new evidence is available, or that reconsideration is necessary to correct clear error or prevent manifest injustice."[8]

Here, Defendants do not allege a change in law or the availability of new material evidence. Instead, Defendants' motion for reconsideration restates most of the arguments made in response to Plaintiff's motion for summary judgment, simply asserting that manifest injustice will result because the Court did not find in their favor. "It is well settled that a motion to reconsider is not a second chance for the losing party to ask the Court to revisit issues already

---

[4] *Classic Commc'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 180 F.R.D. 397, 399 (D. Kan. 1998) (quoting *Dees v. Wilson*, 796 F. Supp. 474, 475 (D. Kan. 1992)).

[5] *Id.* (citing *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988)).

[6] *Id.*

[7] *Voelkel v. GMC*, 846 F. Supp. 1482, 1483 (D. Kan. 1994).

[8] *Classic Commc'ns*, 180 F.R.D. at 399 (quoting *Mackey v. IBP, Inc.*, 1996 WL 417513 at *2 (D. Kan. July 22, 1996)).

addressed or to consider new arguments and supporting facts that could have been presented originally."[9] Nor is a motion to reconsider to be used as "a second chance when a party has failed to present its strongest case in the first instance."[10] For these reasons, the Court finds that Defendants have not carried their burden to demonstrate that reconsideration is appropriate. Defendants' motion for reconsideration must therefore be denied.

**B. Defendants' Motion to Set Aside Judgment Based on Fraud**

A postjudgment motion to set aside judgment must arise under either Rule 59(e) or Rule 60(b), which serve different purposes.[11] If the motion is filed more than ten days after the entry of the judgment, it is considered a motion seeking relief from the judgment under Fed. R. Civ. P. 60(b).[12] Because Defendants' motion was filed fourteen days after the Court entered summary judgment, their submissions must be considered a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b).

Under that Rule, courts may grant relief from a judgment under the following circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

---

[9] *Sonnino v. Univ. of Kansas Hosp. Auth.*, 221 F.R.D. 661, 664 (D. Kan. 2004).

[10] *Id.*

[11] *Wallace v. United States*, 372 Fed. Appx. 826, 831 (10th Cir. 2010).

[12] *Id.*

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.[13]

"Relief under Rule 60(b) . . . is extraordinary and may only be granted in exceptional circumstances."[14] "Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute fraud on the court."[15] "Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court."[16] A party moving for relief pursuant to Rule 60(b)(3) must establish misconduct by clear and convincing evidence, including a showing that the party acted with an intent to deceive or defraud the court by means of a deliberately planned and carefully executed scheme.[17] In this context, "all doubts must be resolved in favor of the finality of the judgment."[18]

In this case, Defendants make two arguments that the Court should set aside judgment based on fraud or misrepresentation. First, Defendants allege that Plaintiff made a misrepresentation in its motion for summary judgment, namely, that Plaintiff sent Defendants a notice of default and demand for payment. The Court evaluated the evidence and decided this

---

[13] Fed. R. Civ. P. 60(b).

[14] *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999).

[15] *Weese v. Schukman*, 98 F.3d 542, 552-53 (10th Cir. 1996).

[16] *Id.*

[17] *Smith v. Cochran*, 182 Fed. Appx. 854, 861 (10th Cir. 2006).

[18] *Weese*, 98 F.3d at 552.

matter in its Memorandum and Order.[19] On September 2, 2010, Plaintiff sent Defendants a letter advising Defendants that they were in default, that the loan was being accelerated, and that payment was demanded. Though Defendants may still deny that this letter constitutes a notice of default, a motion to set aside judgment is not the appropriate forum for restating arguments already evaluated and rejected by the Court. Further, Defendants present no evidence of any intention to affirmatively deceive the Court. Accordingly, the Court finds that relief from judgment is inappropriate with respect to the representations in Plaintiff's motion for summary judgment.

Second, Defendants argue that Amy Levy, a representative of Webster Capital, made fraudulent representations to the Court in her Declaration in support of summary judgment. Specifically, Defendants argue that Levy misrepresented that Plaintiff accelerated the loan by operation of its letter on September 2, 2010, and that Defendants failed to make monthly payments due on July, August, and September 2010. Again, these substantive issues were addressed in the Court's Memorandum and Order, and Defendants present no evidence that Plaintiff intended to mislead the Court. Accordingly, Defendant's motion to set aside judgment must be denied.

## C. Plaintiff's Motion for Attorneys' Fees

Finally, Plaintiff seeks an award of attorneys' fees in an amount of $64,784.06 in accordance with the Court's Order granting summary judgment in its favor. In response, Defendants first argue that an award of attorneys' fees is inappropriate while their motion for reconsideration and motion to set aside are pending. Because the Court denies both of Defendants' motions as set forth above, the Court finds that Plaintiff's motion for attorneys' fees is ripe for adjudication.

---

[19] Memorandum & Order, Doc. 60, at 7-8.

Defendants also oppose the scope of Plaintiff's motion for attorneys' fees. More specifically, Defendants argue that Plaintiff requests an unreasonably broad award that includes attorneys' fees for this action as well as the Ottawa Bus bankruptcy. Without citation to authority, Defendants assert that the Court should limit its award to attorneys' fees that Plaintiff incurred in prosecuting the present action, excluding any fees related to the bankruptcy proceedings.

In support of its motion, Plaintiff cites several cases to support its alleged entitlement to attorneys' fees incurred to recover the indebtedness, regardless of whether those fees are related to this action or to the bankruptcy proceedings.[20] To determine the proper scope of attorneys' fees to award, courts review the terms of the contract or guaranty.[21] Here, the relevant Guaranty agreements provide that each Defendant "agrees to pay and/or reimburse [Plaintiff] for any attorney's fees and out of pocket costs incurred in connection with the collection on or enforcement of this Guaranty."[22] Courts interpreting very similar language have held that "[t]he attorneys' fees attributable to the bankruptcy proceedings were part of an attempt to satisfy the debt incurred under the Loan Agreement and are amounts due under the Loan Agreement and guaranteed by [Guarantor] under the Guaranty Agreement."[23]

In this case, Plaintiff protected its rights by participating in the Ottawa Bus bankruptcy and by seeking to collect directly from Defendants. Upon thorough review of the record, the

---

[20] *See First Bank Se., N.A. v. Predco, Inc.*, 951 F.2d 842, 851-52 (7th Cir. 1992); *Porter Capital Corp. v. Haralson*, 2012 WL 4813769, *8 (N.D. Ala. Oct. 10, 2012); *CIT Grp./Equip. Fin., Inc. v. Airport Shuttle Inc.*, 2008 WL 393696, *1-2 (E.D. La. Feb. 11, 2008).

[21] *Predco*, 951 F.2d at 851.

[22] Daniel Newby Continuing Guaranty, Pl.'s Ex. M, Doc. 49-14, at 1; Thomacine Newby Continuing Guaranty, Pl.'s Ex. N, Doc. 49-15, at 1.

[23] *Predco*, 951 F.2d at 851; *CIT Grp.*, 2008 WL 393696 at *1.

Court finds that attorneys' fees attributable to the bankruptcy proceedings relate to Plaintiff's attempt to satisfy the debt incurred under the Master Loan Agreement, which Defendants personally guaranteed in their Continuing Guaranties. Therefore, Plaintiff is entitled to an award for attorneys' fees incurred in this action as well as those incurred in the Ottawa Bus bankruptcy. The Court has reviewed the Declaration of Evan S. Goldstein, counsel for Plaintiff, as well as the relevant invoices, and finds that the attorneys' fees are reasonable. Accordingly, the Court grants Plaintiff's motion.

**IT IS ACCORDINGLY ORDERED** that Defendants' Motion to Reconsider Order Granting Plaintiff's Motion for Summary Judgment and/or Amended and Additional Findings (Doc. 66) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Set Aside Judgment Based on Fraud (Doc. 69) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorneys' Fees (Doc. 65) is hereby **GRANTED** in an amount of $64,784.06.

**IT IS SO ORDERED**.

Dated this 21st day of February, 2014.

*[signature: Eric F. Melgren]*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE